# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN ERIC SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-239 |
| | ) | |
| PRISON HEALTH SERVICES INC., | ) | |
| SUSAN B. NOWAK, M.D., R. L. | ) | |
| CHANDLER, COLONEL | ) | |
| MCARTHUR HOLMES, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

John Eric Simmons,[1] a pretrial detainee at the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 complaint claiming that defendant jail officials violated his Eighth Amendment right to medical care for his serious health conditions -- "heart disease, high blood pressure, and . . . mental health." Doc. 1 at 6. He alleges that when he was arrested, defendant Detective (and named defendant) R. L. Chandler transported him to the jail and at that time took papers bearing his "list of prescriptions for

---

[1] Simmons recently suffered a with-prejudice dismissal in *Simmons v. St. Lawrence*, CV408-216 (S.D.Ga. dismissed Feb. 26, 2009) (failure to state a claim on personal property deprivation and prison mail issues). Hence, he has one 28 U.S.C. § 1915(g) "strike" against him.

heart and blood pressure," yet "never returned them." Doc. 1 at 6. Once jailed, plaintiff "wrote 10 [medical] requests and 1 grievance's [sic] to medical Dept. in July, not one was answered." *Id.* Also that month, he "had 2 medical codes called because of heart disease. Given aspirin 81 mg and nitro 2 or 4 . . . ." "[But f]or over 20 days [he] had no medication of any kind." *Id.* He

> did see [Dr. Susan B. Nowak, M.D][2] of Prison Health Service Inc. . . . [on] the 3rd of Nov. 2008. Had a major code called, when the duty nurse got to me in unit 4. I was on the floor going fast. First thing the main piece of medical equition [sic] needed to save my life was missing from the unit. Only the duty nurse's quick thinking saved my life. I was rushed to Memorial Hospital by E.M.S.
>
> Now the 3rd and 4th of Nov., 08. When, I saw my cardiologist at Memorial Hospital. I was told one of two arteries in my heart was close[d] and the other one was closing fast. . . . Because of me not getting my right medication and then no medication here at the jail. He said "it was to[o] late to operate but he was writing me new medication for my heart. And these prescriptions must be filled, if I wanted to stay alive.
>
> After being released from Memorial Hospital, took prescription and gave them [sic] to Medical Dept. here at the county jail. When, I saw the doc. Ms. [Nowak] 4 days later. I told Doc.

---

[2] Plaintiff refers to Nowak as "Dr. Nowak" but the Court takes judicial notice of her full, correctly spelled name, as reflected in her affidavit, in *Sutherland v. St. Lawrence*, CV407-096 doc. 77-5 at 1. The Court has thus corrected the caption above (which originally bore the incorrect spelling of her name); all subsequent filings shall conform.

> Nowak what the cardiologist said about my prescription. She answered with "I don't care what the cardiologist wrote or said, I'm not getting them filled. If you want the right medication, don't come to jail." She gave me back my prescription. I then asked if she wanted my V.A. medical records sen[t] for by her medical Dept. She tol[d] me "NO!!"
>
> Wrote 2 more grievance[s] on Dr. Nowak and Medical Dept. Then inform the Jail Administrator [Col. McArthur Holmes] by U.S. Postal Service by Dr. Nowak and said the Medical Dept. [was] not giving me my right medication and it is life threatening. To date no answer back from anyone.
>
> When I told my unit nurse about what Dr. Nowak said, she gave me nitro .4 mg. to keep me 24/7[.] She said "she did not want my death on her conscience."

*Id.* at 7-8 (footnote added).

The Prison Litigation Reform Act requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with

respect to prison conditions"). The Court will apply the pro se pleading standards[3] while screening plaintiff's complaint.

To state an Eighth Amendment claim, plaintiff must allege that defendants were deliberately indifferent to his serious medical needs:

> To prove deliberate indifference, a prisoner must show (1) he had a serious medical need (the objective component), (2) the prison official acted with deliberate indifference to the serious medical need (the subjective component), and (3) as with any tort claim, the injury was caused by the defendant's wrongful conduct. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir.2007). "A medical need that is serious enough to satisfy the objective component is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (*quoting Hill v. Dekalb Reg'l Youth Det.*

---

[3] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 2008 WL 5377741 at * 1 (11th Cir. Dec. 24, 2008) (unpublished) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must himself allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

> Ctr., 40 F.3d 1176, 1187 (11th Cir.1994) (quotation omitted)). To defeat a prison official's motion for summary judgment, a plaintiff must show knowledge of a serious medical risk and disregard of that risk by conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir.1999). This can be treatment "so cursory as to amount to no treatment at all," *id.*, or delay when it is apparent delay would exacerbate the medical condition, it does so, and the delay is not medically justified, *Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir.2000). A difference in medical opinion does not constitute deliberate indifference under the Eighth Amendment. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.1989).

*Blackshear v. Dowling*, 2009 WL 297710 at * 1 (11th Cir. Feb. 9, 2009) (unpublished); *see also Hudgens v. Durrence*, 2009 WL 890546 at * 5 (S.D.Ga. Mar. 31, 2009) (unpublished).

Dr. Nowak, says plaintiff, knew that he had a serious heart condition and deliberately disregarded his need for vital heart medication. Doc. 1 at 7 ("And these prescriptions must be filled, if I wanted to stay alive."); *id.* (She answered with "I don't care what the cardiologist wrote or said, I'm not getting them filled. If you want the right medication, don't come to jail."). That states an Eighth Amendment claim against the jail's physician. *See, e.g., Reddick v. Hutcheson*, 2009 WL 1034741 at * 4 (S.D.Ga. Apr. 16, 2009) (unpublished).

In contrast, Simmons fails to state a claim against Det. R.L. Chandler, who should therefore be **DISMISSED** from this case: He fails to plead how Chandler's mere failure to return plaintiff's prescription paperwork caused jail medical staff to deprive him of vital medications for a serious health need. Prison Health Services, Inc. (PHS) and Col. McArthur Holmes should also be **DISMISSED** because at most Simmons relies upon the respondeat superior doctrine, in that he seeks to recover against these supervisory officials solely because they employed a tortfeasor. Such a theory of liability is not available under § 1983. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a supervisory official (or entity) may be held responsible for a constitutional tort only where the official directly participated in the alleged constitutional deprivation or there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988) (per curiam). *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.1986); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir.1985). A causal connection between defendant's acts or omissions and the plaintiff's injury is essential

to establish liability, and the standard for holding a supervisor liable for the acts of his subordinates is "'extremely rigorous.'" *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). Because Simmons has alleged neither direct participation nor any other causal connection between these defendants' conduct and his alleged injury, he has failed to state a claim against PHS or Holmes.

Because plaintiff John Eric Simmons has stated a claim for which § 1983 relief may be granted against the jail's physician, the Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and this Report and Recommendation to the Marshal for service upon defendant Nowak. All of the other defendants should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 11th day of May, 2009.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA