JOHN ERIC SIMMONS, )
 )
    Plaintiff, )
 )
v. )
 )  CASE NO. CV408-239
PRISON HEALTH SERVICES, INC., )
SUSAN B. NOWAK, M.D., R.L. )
CHANDLER, and COLONEL )
MCARTHUR HOLMES, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 6) and Plaintiff John Eric Simmons's Objections (Doc. 9). The Magistrate Judge recommends that Plaintiff's Complaint be dismissed, pursuant to 28 U.S.C. § 1915A, with respect to Defendants Prison Health Services ("PHS"), Chandler, and Holmes, and allowed to proceed with respect to Defendant Nowak. For the following reasons, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendation. Defendant Chandler is **DISMISSED** from this case. At this early stage, Plaintiff has stated colorable claims against Defendants PHS, Nowak, and Holmes. Therefore, it is **HEREBY ORDERED** that a copy of Plaintiff's Complaint and a copy of this Order shall be **SERVED** upon

Defendants PHS, Nowak, and Holmes by the United States Marshall without prepayment of cost.

**INTRODUCTION**

Plaintiff, an inmate at Chatham County Jail in Savannah, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical treatment in violation of the Eighth Amendment's[1] prohibition on cruel and unusual punishment. (Doc. 1.) According to the Complaint,[2] Defendant Chandler seized Plaintiff's medical paperwork while he was being placed under arrest. (Id. at 5A.) The paperwork included a list of Plaintiff's prescription medications.[3] (Id.) Defendant

---

[1] It is not clear from the Complaint if Plaintiff is in pretrial detention or incarcerated following conviction. If Defendant is a pretrial detainee, then his claims would be based on the due process clause of the Fourteenth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-44 (1983). If Defendant has been incarcerated following conviction, his claims fall within the protections of the Eighth Amendment. Id. For the purposes of this Order, the Court assumes that Plaintiff is correct and his claims are properly brought under the Eighth Amendment. Regardless, any error in the Court's assumption would not affect the analysis in this case because the due process rights of a pretrial detainee are equivalent to the Eighth Amendment protections available to a convicted prisoner. Harris v. Coweta County, 21 F.3d 388, 393 n.6 (11th Cir. 1994).

[2] For purposes of review under 28 U.S.C. § 1915A, the allegations in Plaintiff's Complaint are assumed to be true. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

[3] Plaintiff had been prescribed medication due to high blood pressure and heart disease. (Doc. 1 at 5A.)

2

Chandler told Plaintiff that the papers would be returned the following morning. (Id.) However, these papers were never returned. (Id.)

Immediately upon his arrival at the Chatham County Jail, Plaintiff informed a nurse about his medical conditions and need for prescription medication. (Id.) The nurse made a notation on Plaintiff's file and provided him with some blood pressure medication. (Id.) However, Plaintiff was not given any medication for his heart disease. (Id.) Plaintiff submitted several grievances to the prison's medical department, managed by Defendant PHS, but did not receive any response. (Id.)

On two occasions in July 2008, Plaintiff required medical attention due to his heart disease. (Id.) Initially, he was given aspirin and nitroglycerin, but subsequently went without any medication for over twenty days. (Id.) Then, on November 3, 2008, Plaintiff's condition deteriorated to the point that he had to be transported to Memorial Hospital in Savannah, Georgia for treatment. (Id. at 5B.) At Memorial Hospital, Plaintiff's treating physician provided him a new prescription for heart medication and warned him that failure to take the medication could result in death. (Id.)

Upon returning from Memorial Hospital, Plaintiff provided the new prescription to the medical department. (Id.) While meeting with Defendant Nowak, Plaintiff informed her of his need for prescription medication and his treating physician's warning. (Id.) Defendant Nowak responded: "I don't care what the cardiologist wrote or said, I'm not getting them filled. If you want the right medication, don't come to jail." (Id.) In addition, Defendant Nowak did not even want to see Plaintiff's medical records. (Id.)

Following Defendant Nowak's comments, Plaintiff wrote two additional grievances to the medical department. Also, Plaintiff informed Defendant Holmes, the prison administrator, of the medical department's shortcomings via U.S. mail. (Id. at 5C.) Plaintiff did not receive any response from either Defendant PHS or Defendant Holmes. Furthermore, Plaintiff is still not receiving his prescribed medication. (Id.) As a result, Plaintiff filed suit, pro se, under 42 U.S.C. § 1983 claiming that the failure to provide him prescription medication for his heart disease violated the Eighth Amendment's prohibition on cruel and unusual punishment.

After reviewing Plaintiff's Complaint pursuant to the Prison Litigation Reform Act, see 28 U.S.C. § 1915A

4

(requiring courts to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity"), the Magistrate Judge issued his Report and Recommendation. (Doc. 6.) The Magistrate Judge determined that Plaintiff stated a valid claim against only Defendant Nowak. (Id. at 5.) The Report and Recommendation concluded that Plaintiff's allegations did not state how Defendant Chandler's failure to return the medical paperwork deprived Plaintiff of his prescription medication, and recommended that he be dismissed. (Id. at 6.) The Magistrate judge further reasoned that Defendant PHS and Defendant Holmes should be dismissed because Plaintiff's allegations relied on a theory of supervisory liability, which is not actionable under § 1983. (Id.) Specifically, the Magistrate Judge noted that these two Defendants could be held liable only if they directly participated in withholding the medication, or their acts or omissions were causally connected to withholding of the medication. (Id. at 6-7.) Determining that Plaintiff failed to allege facts showing either direct participation or any causal connection, the Magistrate Judge recommended that these two Defendants be dismissed. (Id. at 7.)

In his Objections, Plaintiff disputed the Magistrate Judge's recommendation that Defendant PHS and Defendant

Holmes be dismissed, arguing that those claims were not based on supervisory liability. (Doc. 9 at 1.) With respect to Defendant PHS, Plaintiff alleged that its focus on maximizing profit resulted in substandard and life threatening medical care in violation of the Eighth Amendment. (Id.) Addressing Defendant Holmes, Plaintiff contended that Defendant Holmes failed to take corrective action after being notified repeatedly of the medical department's deficiencies. (Id.) According to Plaintiff, it is Defendant Holmes's willful refusal to address the deficient medical care that exposes him to liability. (Id.)

**ANALYSIS**

I. Standards of Review

The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of any specific objection, the Court reviews the conclusions of the Magistrate Judge for clear error.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Section 1915A requires a district

court to screen the complaint for cognizable claims as soon as possible after docketing. The court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). On review, Plaintiff's pro se Complaint is held to a less stringent standard that one prepared by a trained attorney. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). As a result, the Court liberally construes Plaintiff's Complaint when determining if his claims meet the requirements of 28 U.S.C. § 1915A. Id.

II. Eighth Amendment Claim

The conditions of a convicted prisoner's confinement are governed by the Eighth Amendment's prohibition on cruel and unusual punishment. Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). For a claim based on substandard medical care to succeed, a prisoner must prove that the defendant was deliberately indifferent to the prisoner's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Specifically, the prisoner must satisfy a two-part inquiry that encompasses both an objective and a

subjective component. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). First, the prisoner must prove that he has an objectively serious medical need. Id. (quoting Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)). A malady reaches the level of a serious medical need when it either has been diagnosed by a physician or would be recognized by a layperson as requiring medical attention. Brown, 387 F.3d at 1351 (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). Second, the prisoner must show that the defendant acted with deliberate indifference to the prisoner's serious medical need. Id. To show deliberate indifference, the prisoner must establish three elements: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [] (3) by conduct that is more than [gross] negligence." Id. (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

In this case, Plaintiff has sufficiently alleged that he had a serious medical need. Before entering prison, Plaintiff was diagnosed with heart disease by his treating physician, who prescribed medication to combat the affliction. (Doc. 1 at 5A.) After receiving treatment at Memorial Hospital, Plaintiff was informed that his failure to take the appropriate medication could result in death. (Id. at 5B.) Therefore, whether Plaintiff has alleged a

8

cognizable claim under 28 U.S.C. § 1915A depends on the sufficiency of Plaintiff's allegations that Defendants were deliberately indifferent to his serious medical need.

A.  Dr. Nowak

Plaintiff alleges that Defendant Nowak refused to fill his prescription and ignored his treating physician's diagnosis. (Id.) In addition, Plaintiff contends that Defendant Nowak told him that if he wanted the correct medication, he should not have come to prison. (Id.)

Reviewing the Complaint, Plaintiff has sufficiently alleged facts against Defendant Nowak that satisfy the three elements of deliberate indifference. First, Plaintiff alleges that Defendant Nowak did not care about the treating physician's diagnosis and warning, establishing Defendant Nowak's subjective knowledge that withholding the medication may cause serious harm to Plaintiff. Second, Plaintiff has sufficiently asserted that Defendant Nowak disregarded that risk by failing to fill the prescriptions. Third, Plaintiff contends that Defendant Nowak's conduct rose above the level of mere negligence. Accordingly, the Magistrate Judge correctly determined that Plaintiff sufficiently alleged facts that, if true, establish Defendant Nowak's deliberate indifference to Plaintiff's serious medical need.

B.  Officer Chandler

Plaintiff alleges that Defendant Chandler failed to return Plaintiff's medical records.[4] This allegation fails to show that Defendant Chandler acted with deliberate indifference to Plaintiff's serious medical need. While Plaintiff did inform Defendant Chandler that the papers included a list of prescriptions, Plaintiff did not allege facts indicating that Defendant Chandler knew withholding these medications would place Plaintiff at risk of serious medical harm. Even assuming Defendant Chandler had such knowledge, Plaintiff has not alleged any facts showing that Defendant Chandler's actions were in disregard of that risk. Therefore, the Magistrate Judge correctly determined that Plaintiff failed to sufficiently allege a cognizable claim against Defendant Chandler. Accordingly, Plaintiff's claim against Defendant Chandler is **DISMISSED**.

C.  Prison Health Systems

Plaintiff alleges that Defendant PHS, a private entity that contracts to provide medical care to inmates at the Chatham County Jail, sacrifices quality of medical care for increased profit. (Doc. 9 at 1-2.) Specifically, Plaintiff contends that Defendant PHS denied his access to

---

[4] Because Plaintiff did not object to the Magistrate Judge's recommendation that Defendant Chandler be dismissed, the Court reviews that recommendation for clear error.

10

prescription medication due to their high cost. (Id. at 2.) Based on these allegations, Plaintiff has stated a cognizable claim against Defendant PHS.

A private entity that contracts with the government to provide medical services to inmates fulfills a role traditionally occupied by the state. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). As a result, the private entity becomes the functional equivalent of a municipality, id., subject to suit accordingly, see generally Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978) (establishing municipal liability under § 1983).

A private entity performing a public function becomes liable under § 1983 where it has a policy or custom that deprives an individual of rights guaranteed under the constitution. Buckner, 116 F.3d at 450, German v. Broward County Sheriff's Office, 2009 WL 418641, at *3 (11th Cir. Feb. 20, 2009) (unpublished). A plaintiff can establish the existence of a policy or custom by showing that the constitutional deprivations were persistent and widespread. Depew v. City of St. Marys, Ga., 787 F.2d 1496, 1499 (11th Cir. 1986). In addition, the entity must have at least constructive knowledge of the custom.

In this case, Plaintiff has alleged a cognizable claim against PHS. In his Objections, Plaintiff contends that

11

PHS established a custom of providing substandard medical care to decrease costs and increase profit. (Doc. 9 at 1-2.) A focus on profit at the expense of adequate medical care exposes a defendant to liability under § 1983. See German, 2009 WL 418641, at *3 (affirming dismissal because Plaintiff "failed to present evidence alleging that [defendant] had a policy or custom of depriving inmates of medical care for financial reasons"); cf. Brown v. Johnson, 387 F.3d at 1351 (" 'Deliberate indifference may be established by a showing of . . . a decision to take an easier but less efficacious course of treatment.' " (quoting McElligott, 182 F.3d at 1255)). Therefore, Plaintiff has alleged facts that, if true, entitle him to relief. Accordingly, Plaintiff's claim against PHS survives the initial screening required by 28 U.S.C. § 1915A.

D. Colonel Holmes

Plaintiff alleges that he submitted several internal grievances to Defendant Holmes, the prison's head administrator, informing him of the inadequate medical care at the prison. (Doc. 1 at 5A, 5C; Doc. 9 at 1.) In addition, Plaintiff claims that he sent Defendant Holmes at least two letters, via U.S. mail, detailing the misconduct by the prison's medical department. (Doc. 9 at 1.) Based

12

on these contentions, Plaintiff has stated a valid claim against Defendant Holmes.

Generally, supervisors are not subject to § 1983 liability for constitutional deprivations committed by their subordinates based on a theory of respondeat superior. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (quoting H.C. ex rel. Hewett v. Jarrard, 786 F.2d 1080, 1086 (11th Cir. 1986)). However, supervisors can become liable when they either directly participate in or their actions are causally connected to the deprivation of a constitutional right. Id. (citations omitted). A causal connection can be established by showing the supervisor "knew that the subordinates would act unlawfully and failed to stop them from doing so." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003).

In this case, Plaintiff has alleged that, on several occasions, he informed Defendant Holmes of unconstitutional actions by his medical department using both the prison's internal grievance procedures and U.S. mail. Plaintiff's actions, if true, indicate that Defendant Holmes was placed on notice of ongoing constitutional violations, which Defendant Holmes then failed to prevent from continuing. See Woods v. Miller, 215 Fed. App'x 796, 799 (11th Cir. 2007) (unpublished) (holding that prisoner stated claim

13

under § 1983 when he sent letter to Sheriff informing him of constitutional violations and Sheriff failed to stop continued deprivations). Therefore, Plaintiff has sufficiently stated a cognizable claim against Defendant Holmes. Accordingly, Plaintiff's claim against Defendant Holmes survives the initial screening required by 28 U.S.C. § 1915A.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation. Accordingly, Defendant Chandler is **DISMISSED** from this case. At this early stage, Plaintiff has stated colorable claims against Defendants PHS, Nowak, and Holmes. It is **HEREBY ORDERED** that a copy of Plaintiff's Complaint and a copy of this Order shall be **SERVED** upon Defendants PHS, Nowak, and Holmes by the United States Marshall without prepayment of cost.

SO ORDERED this 18th day of July, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA