UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN ERIC SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-239 |
| | ) | |
| PRISON HEALTH SERVICES INC., | ) | |
| SUSAN B. NOWAK, M.D., | ) | |
| COLONEL MCARTHUR HOLMES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

John Eric Simmons, a pretrial detainee at the Chatham County Detention Center, filed this 42 U.S.C. § 1983 action against jail officials claiming that they unconstitutionally violated his Eighth Amendment right to medical care for his serious health conditions -- "heart disease, high blood pressure, and . . . mental health." Doc. 1 at 6. He alleged that when he was arrested, then-defendant R. L. Chandler transported him to the jail and at that time took papers bearing his "list of prescriptions for heart and blood pressure" yet "never returned them." *Id.* at 6. Once jailed, plaintiff "wrote 10 [medical] requests and 1 grievance's [sic] to medical Dept. in July, not one was answered." *Id.* Also that month, he "had 2 medical codes called

because of heart disease. Given aspirin 81 mg and nitro 2 or 4 . . . ." "[But f]or over 20 days [he] had no medication of any kind." *Id.* He sued Dr. Susan B. Nowak, M.D., of Prison Health Service Inc. (PHS) and supplied allegations showing that she deliberately disregarded his serious medical needs. *Id.* at 7-8.

Screening plaintiff's case under 28 U.S.C. § 1915A, the Court concluded, *inter alia*, that he stated viable claims against only Dr. Nowak. Doc. 6, *adopted in part and rejected in part*, doc. 11.[1] However, PHS has since advised the Court that when it received an Fed. R. Civ. P. 4(d) waiver request for Nowak, she

---

[1] The undersigned also concluded that Simmons failed to state a claim against Det. R.L. Chandler, because he failed to show how Chandler's mere failure to return plaintiff's prescription paperwork caused jail medical staff to deprive him of vital medications for a serious health need. Further, it was recommended that PHS and Col. McArthur Holmes be dismissed because at most Simmons relied upon the respondeat superior doctrine, which is not available in § 1983 cases. Doc. 6 at 6-7.

The district judge accepted the Nowak and Chandler recommendation, but rejected it as to Holmes and PHS. Doc. 11. It was enough for Simmons to allege that, "on several occasions, [he] informed Defendant Holmes of unconstitutional actions by his medical department using both the prison's internal grievance procedures and U.S. mail." *Id.* at 12-13. And as to PHS, it was enough to allege (1) "that Defendant PHS, a private entity that contracts to provide medical care to inmates at the Chatham County Jail, sacrifices quality of medical care for increased profit[;]" and (2) "that Defendant PHS denied his access to prescription medication due to their high cost." *Id.* at 10-11. Both Holmes and PHS have waived Fed. R. Civ. P. 4 service, so this Court has jurisdiction over them. Docs. 13, 14. But the docket shows no service over Nowak.

was no longer in the employ of PHS. [Furthermore,] PHS understands that Dr. Nowak unexpectedly passed away in July of this year. PHS does not believe it has standing to file a Suggestion of Death under Rule 25 of the Federal Rules of Civil Procedure; however, PHS wishes to alert the Court to Dr. Nowak's death and that PHS cannot waive service on Dr. Nowak's behalf or otherwise provide a current address for Dr. Nowak.

Doc. 16.

The Court preliminarily notes that letters are not welcome.[2] In any event, since Nowak was never served, the Court has never had jurisdiction over her. Hence, there is no application of Fed. R. Civ. P. 25 ("Suggestion of Death") for the purpose of deciding whether plaintiff may pursue her estate. *Cf. Hardy v. Potter*, 2009 WL 765028 at * 2 (S.D.Ga. Mar. 23, 2009) (unpublished) (jurisdiction existed over plaintiff --- by virtue of his having filed the lawsuit; after plaintiff died, the Court directed defendant to update the Court within 30 days showing what efforts had been made to effectuate Rule 25(a)(1) service upon plaintiff's estate.).

---

[2] Motions, briefs, etc., get filed; letters get lost. The law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a motion or brief -- directly with the Clerk of Court. *See In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073 (S.D.Ga.2000); *see also* GA.CT.APP.R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites"). Here PHS's counsel should have simply filed a "Fed. R. Civ. P. 25 Notice" as an Officer of the Court (standing is supplied by counsel's duty to assist the Court in its basic operations, and that includes matters affecting personal and subject matter jurisdiction).

Normally, it is the plaintiff's duty to serve each defendant. Courts assist inmate plaintiffs -- because they are confined and typically indigent -- in effecting Rule 4 service. *See, e.g., Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) ("In forma pauperis litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). But that assistance is limited to directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff. *Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner, proceeding in forma pauperis in § 1983 action, to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); *Salas v. Tillman*, 162 F. App'x 918, 923 (11th Cir. 2006) (pro se in forma pauperis prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem); *Fitts v. Siker*, 232 F. App'x 436, 443-44 (6th Cir. 2007) (district court was not

required to order that complaint of inmate proceeding IFP in § 1983 action be re-served on defendant for whom neither inmate nor state corrections department had current address; Sixth Circuit "has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated and declines to do so in this instance"); *Holleran v. Baker*, 109 F. App'x 830, 831 (8th Cir. 2004) (district court's dismissal without prejudice of county inmate's § 1983 complaint against former jail official was not abuse of discretion, where summons was returned unexecuted because official was no longer employed with county and inmate failed to comply with court's order directing him to provide official's correct address within ten days).

Here plaintiff admittedly is in a different position than an inmate-plaintiff faced with notice that the address he supplied for a given defendant is stale or just plain wrong. Yet, the burden (as with any other plaintiff) to find and serve a viable defendant is no different, for this is *his* case, not the Court's, to litigate. Too, Simmons may find the legal issues (how to effectuate service against Nowak's estate, and whether he can even

proceed against it)³ more complex than an inmate plaintiff faced with the task of merely locating a defendant's proper address. That is of no moment here, however, for Courts cannot litigate the case on his behalf. *See, e,g.*, *Burke v. Morgan*, 2009 WL 1598420 at * 4 (E.D.Ky, Jun. 4, 2009) (unpublished) ("The Court is not empowered either to dispense legal advice to parties, or to practice their case on their behalf.").

This Court may dismiss an action sua sponte if service is not effectuated within 120 days after the filing of the complaint (filed in this case on Dec. 5, 2008, doc. 1). Fed. R. Civ. P. 4(m); *Rogers v. Ulum*, 2008 WL 2776777 at * 4 (M.D.Fla. July 15, 2008) (unpublished). Simmons shall have 30 days from the date this Order is served to "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge." *Salas*, 162 F. App'x at 923 (quotes and cite omitted); *Rogers*, 2008 WL 2776777 at * 4 . That means that he

---

³ *See generally* 1 C.J.S. *Abatement and Revival* § 173 (June 2009) ("[G]enerally, in a federal civil rights action, state survival statutes govern the issue of survivability to the extent they are not inconsistent with federal law, following the death of a person who has been deprived of his or her civil rights, or who has deprived another of his or her civil rights."); *see also Robertson v. Wegmann*, 436 U.S. 584, 593-94 (1978) (applying state survivability law in 42 U.S.C. § 1983 context); *Sarria Ortega v. Agosto Alicea*, 2005 WL 2297540 at * 3-4 (D.P.R. Sep. 21, 2005) (unpublished) (same); *Carter v. City of Emporia*, 543 F. Supp. 354, 356 (D. Kan. 1982) (claims to enforce one's rights under 42 U.S.C. § 1981 do not survive under the Kansas Survival Act).

must determine whether his claim survives against Novak's estate and if so effectuate service upon it. Otherwise, the Court will recommend the dismissal of his case against Nowak under Rule 4(m).

**SO ORDERED** this 10th day of September, 2009.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA