# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN ERIC SIMMONS,            )
                              )
    Plaintiff,                 )
                              )
v.                            )     Case No. CV408-239
                              )
PRISON HEALTH SERVICES INC.,  )
COLONEL MCARTHUR HOLMES,      )
                              )
    Defendants.                )

## **REPORT AND RECOMMENDATION**

John Eric Simmons, a pretrial detainee at the Chatham County Detention Center (CCDC), filed this 42 U.S.C. § 1983 action against jail officials claiming that they violated his Eighth Amendment right to medical care for his serious health conditions -- "heart disease, high blood pressure, and . . . mental health." Doc. 1 at 6. Simmons alleges that when he was arrested, then-defendant R. L. Chandler transported him to the jail and at that time took papers bearing his "list of prescriptions for heart and blood pressure" yet "never returned them." *Id.* at 6. Once jailed, plaintiff "wrote 10 [medical] requests and 2 grievance's [sic] to medical Dept. in July, not one was answered." *Id.* Also that month, he "had 2 medical codes called because

of heart disease. Given aspirin 81 mg and nitro 2 or 4 . . . ." "[But f]or over 20 days [he] had no medication of any kind." *Id.* He sued Dr. Susan B. Nowak, M.D., of Prison Health Service Inc. (PHS) and averred that she deliberately disregarded his serious medical needs. *Id.* at 7-8, reproduced at doc. 6 at 2-3.

Simmons says he filed grievances at various points, but to no avail. Doc. 1 at 6 ("Wrote 10 requests and 2 grievance's [sic] to medical dep't. in July, not one was ever answered."); *id.* at 8 ("Wrote 2 more grievance on Dr. No[w]ak and medical dept. Then inform the Jail Administrator by U.S. Postal Service about Dr. No[w]ack and did her medical dept. not giving me right medication and it is life threatening. To date no answer back from anyone.").

Screening his case under 28 U.S.C. § 1915A, the Court concluded, *inter alia*, that he stated viable claims against only Dr. Nowak. Doc. 6. The district judge disagreed and kept Holmes and PHS in the case. Doc. 11. But Dr. Nowak later passed away, and Simmons failed to invoke Fed. R. Civ. P. 25, so she was dismissed. Doc. 24. Holmes and PHS now move, over plaintiff's opposition, for summary judgment. Docs. 26, 31, & 32.

# I. ANALYSIS

Defendants argue that plaintiff failed to properly exhaust his claim in the prison's grievance system. Doc. 26 at 13-15. Simmons, they insist, filed only one grievance and lost, then failed to administratively appeal it. *Id.* So, they argue, his entire case fails. *Id.* This defense arises from the Prison Litigation Reform Act (PLRA), under which "[n]o action shall be brought with respect to prison conditions under [§] 1983 . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus,

> an inmate must fully and properly exhaust all available administrative remedies before he can file a Section 1983 lawsuit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The court has *no* discretion to waive the exhaustion requirement in the event a claim has not been fully and properly exhausted prior to filing. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002) (holding that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). "Proper" exhaustion requires a prisoner to comply with the

> specific prison grievance procedural requirements. *See Woodford*, 548 U.S. at 95. An inmate must also "provide with his grievance all relevant information reasonably available to him." *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000).

*Brown v. Darr*, 2010 WL 1416552 at * 2 (M.D. Ga. Mar 3, 2010) (emphasis added). And, if a prison grievance system requires an administrative appeal, then the inmate must comply. *Anderson v. Donald*, 261 F. App'x 254, 255-56 (11th Cir. 2008) (inmate did not exhaust his administrative remedies; he neither appealed his grievable claims after presenting them to the proper grievance committee, nor appealed his disciplinary claim after presenting it to the warden, as required by prison's grievance procedure). Such appeals must be timely, too. *McDaniel v. Crosby*, 194 F. App'x 610, 612-13 (11th Cir. 2006) (inmate's filings showed only that he submitted two informal grievances and a request regarding his property, and nothing indicated that inmate challenged outcome of his grievances prior to filing action).

Though raised in a summary judgment motion here, a non-exhaustion defense like this should be treated as it were raised in an unenumerated Fed. R. Civ. P. 12 motion. *Bryant v. Rich*, 530 F.3d 1368, 1373-75 (11th Cir. 2008), cited in *Brown,* 2010 WL 1416552 at * 3. Since the issue goes to exhaustion and not the merits of the case, the Court can make credibility

4

decisions based on any submissions on this defense. *Bryant*, 530 F.3d at 1373-74. In so doing, the Court applies a two-step procedure:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.[1] The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (footnote added; citations omitted); *see also Brown*, 2010 WL 1416552 at * 5 (dismissing inmate's claim as unexhausted because he failed to administratively appeal his denied prison grievance); *Tillery*, 2010 WL 1838062 at * 4 (same).

Defendants point to the CCDC's February 6, 2008 grievance procedure by which inmates, including Simmons, could grieve issues, including medical issues, within the CCDC. Doc. 26-7 (Holmes Aff.) at 2, 8. It included

---

[1] The judge may factually resolve whether a plaintiff failed to exhaust his administrative remedies "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (footnotes omitted); *Tillery v. Tran*, 2010 WL 1838062 at * 2 (M.D. Fla. May 4, 2010).

an administrative appeal procedure, and Simmons does not dispute that he filed a July 9, 2008 grievance under it. *Id.* at 14. In fact, his grievance form shows that the CCDC acted on it the next day and Simmons checked off "no" on the "Appeal" section. *Id.* Thus, he failed to exhaust his administrative remedies.

For that matter, attests defendant Holmes, the CCDC provided Simmons with full medical care and Holmes is aware of no PHS or Dr. Nowak practice of refusing inmates health care due to cost. *Id.* at 3-4 ¶¶ 9-10. For good measure, defendants submit the affidavit of Carl Cooper, M.D., who has reviewed Simmons's medical file and opines that he received appropriate medical care. Doc. 26-2. The Court need not reach this alternative showing, but must mention it in light of Simmons's responses.

Other than launching bald accusations that the defendants have "forged" parts of his medical records in order to support Dr. Cooper's opinion, Simmons has failed to rebut Holmes's affidavit showing that he filed and took no appeal of the above-noted grievance. Doc. 31 ("Plaintiff's Objection to Defendant['s] Motion for Summary Judgment"); doc. 32 ("Plaintiff's Affidavit in Objection to Defendant['s] Motion for Summary

Judgment"); doc. 33 (exhibit). Suffice it to say that incompetently challenging defendants' alternative showing does not defeat their non-exhaustion defense.

Simmons does, however, cagily imply some sort of "unavailability" or "futility" exception.[2] Without expressly arguing that exception here, he has tendered a handful of "Inmate Grievance" forms dated July 14, 2008; July 18, 2008, August 2, 2008, October 10, 2008, October 17 ,2008, November 6, 2008, and November 10, 2008. Doc. 32 at 26-32. His *unsworn* affidavit (doc. 32 at 5) notes that the defendants have furnished "only one copy of a grievance[,] where are the others[?] See and read exhibit." Doc. 32 at 3. Otherwise, he does not claim, much less *attest*, that he filed these grievances in compliance with the CCDC grievance process in effect at the time, and the grievances themselves bear no indicia that they were ever filed with the CCDC, much less properly appealed. Simmons evidently knows that a

---

[2] *See, e.g., Gould v. Owens*, 2010 WL 2490689 at * 5 (11th Cir. June 17, 2010) (inmate can be excused from exhaustion requirement if prison made remedy unavailable to him; district court's determination that inmate was not denied formal grievance forms, thereby allegedly denying him access to administrative remedies for his constitutional claims against prison officials, was not clearly erroneous -- record showed inmate's use of grievance procedures in other contexts).

futility exception can alter the outcome of this case.[3] Yet, his "other grievances" cannot be considered and thus add nothing here. As another court in a similar context explained:

> Federal Rule of Evidence 901 provides that a document meets the authentication requirement if there is sufficient evidence "to support a finding that the matter in question is what its proponent claims." As applied to [the inmate's] exhibit, the question is whether there is sufficient evidence to conclude that the proffered exhibit is, in fact, an Inmate Request to Staff form. Federal Rule of Evidence 901 provides guidance to courts about how the determination is to be made: the non-exhaustive illustrations in the rule include testimony by a person with knowledge that a document is what it claims to be (Fed. R. Evid. 901(b)(1)), as well as "distinctive characteristics" of a form that support authenticity when "taken in conjunction with the circumstances." Fed. R. Evid. 901(b)(4).

*Hicks v. Irvin*, 2010 WL 2723047 at * 2 (N.D. Ill. Jul. 8, 2010).

Unlike what occurred in *Hicks*, where the inmate-plaintiff fending off

---

[3] He also knows that inmates who lie about facts -- even on paper -- get prosecuted in this Court. Whether in a witness chair before this Court or while crafting court filings in a prison cell, *no one* is permitted to lie to, or otherwise knowingly mislead, this Court. All must swear to any facts advanced in quest of judicial relief, and thus be subject to criminal prosecution if they commit perjury in so doing. *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009). Here Simmons calls his main "Objection" filing an "Affidavit," and he begins it by reciting: "Personally appeared before the undersigned officer." Doc. 32 at 2. In fact, however, there is *no* undersigned officer, no notarization jurat, and no 28 U.S.C. § 1746 invocation anywhere to be found this "Objection" or his two other summary-judgment response filings. Docs. 31-33.

a similar exhaustion challenge supported his summary judgment assertions with documents that he authenticated via sworn statement under 28 U.S.C. § 1746 (admissibility of unsworn declarations under penalty of perjury), 2010 WL 2723047 at * 1-3, Simmons has *not* sworn to anything, and his attached grievance forms all are incomplete. His August 2 and November 6, 2008 forms are *unsigned,* and every last one of them lack the "receipt signatures" as contemplated by the very CCDC grievance provision aimed at preventing inmates from storing blank forms and concocting grievances after the fact (such as in a stage of litigation like this, where they face dismissal for failing to exhaust): "The inmate must turn the completed Grievance Form in to the Wing Officer who will review it, sign it, note the date and time of receiving the form and then forward it to the Supervisor for the Housing Unit's O.I.C." Doc. 26-7 at 7 ¶ 3.

Note, too, that Simmons began this lawsuit by alleging that he "wrote" (not filed) a total of *four* grievances, doc. 1 at 6, 8, but "suddenly" he is now claiming (in response to defendants' summary judgment motion premised in no small part on their non-exhaustion defense) *seven* beyond the one *fully completed* grievance that the defendants have produced.

9

In light of these facts, the Court finds the Simmons-produced "other grievances" not competent and admissible, Fed. R. Evid. 901, much less believable if they were. *Burnett v. Stagner Hotel Courts, Inc.*, 821 F.Supp. 678, 683 (N.D. Ga. 1993) ("In order for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence"); *accord, Castillo v. Cessna Aircraft Co.*, ___ F. Supp. 2d ___,2010 WL 1687750 at * 3 (S.D. Fla. Apr. 26, 2010); WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 2722 (*Materials Considered on the Motion--Pleadings, Depositions, Answers to Interrogatories, Admissions, Affidavits, Exhibits, and Trial Records*) (2010).

The only competent evidence here, then, is Holmes's sworn affidavit showing that a grievance procedure was available to Simmons, the prison received only one grievance from him , it was addressed, and yet plaintiff chose not to appeal it. *See* doc. 26-7 at 7 ¶ 5 (setting forth CCDC's administrative appeal procedure). The defendants therefore prevail on their exhaustion defense.

The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in his complaint. *Jones,* 549 U.S. at 222-24 (rejecting "total exhaustion-dismissal" rule). The proper treatment of a mixed complaint will depend on the relatedness of the claims contained within. *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005); *Vaughn v. Kasawa*, 2010 WL 1948898 at * 2 (N.D. Cal. May 13, 2010). But here *all* of plaintiff's claims go to his medical care, part of which (the sequence of events of which Simmons complains) is covered by his one unappealed grievance in the record, and the rest of which should have been presented in subsequent grievances.

Thus, plaintiff's entire complaint is subject to dismissal. *See Clinton v. Meyers*, 2010 WL 114209 at * 5 (C.D. Cal. Jan. 8, 2010); *Pommer v. Vaughn*, 2009 WL 1490570 at * 1 (D. Conn. May 27, 2009) (inmate failed to properly exhaust his administrative remedies for his claims of use of excessive force; he filed a grievance and the grievance was rejected because he mistitled it; further, his appeal of the dismissal of his grievance was filed late, and he had taken no other action under his administrative remedies).

## II. CONCLUSION

Accordingly, the defendants' summary judgment motion, construed as a Rule 12(b) dismissal motion on their non-exhaustion defense, should be **GRANTED** and this case **DISMISSED WITH PREJUDICE**. Doc. 26. *Jones v. Schofield*, 2010 WL 786585 at * 9 (M.D. Ga. Mar. 4, 2010) (inmate's failure to exhaust available administrative remedies barred his § 1983 claims for lack of mental and medical treatment; he was the victim of a sexual assault by other prisoners while incarcerated; he claimed that he contracted Hepatitis C and suffered mental anguish, both of which were not adequately treated; he initiated a grievance against prison official but voluntarily dropped it prior to receiving a ruling; since further administrative remedies were available, inmate could not maintain a claim against prison official for lack of mental and medical treatment).

**SO REPORTED AND RECOMMENDED** this 12th day of August, 2010.

_/s/ J.E. Smitt_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA